KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart St., Suite 6310
Seattle, WA 98101
206-370-5330

IN THE BANKRUPTCY COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re | Chapter 13 |
|---|---|
| Walter Daniel Croney, Jr and Wendy Lou Croney | No. 11-10836 |
| Debtors. | ORDER ON BUSINESS BANK'S MOTION TO DISMISS |

Creditor Business Bank moves to dismiss debtors' Chapter 13 case because debtors are ineligible for Chapter 13 under 11 U.S.C § 109(e)because debtors owe $770,030.52 under an unconditional personal guaranty signed by Walter Croney, which puts debtors' total unsecured debt over the statutory limit of $360,475.

**FACTS**

Debtor Walter Daniel Croney, Jr. ("Debtor") is a member of Cowboy Campsite LLC. ("Cowboy"). On August 4, 2008, Business Bank loaned Cowboy $705,000, secured by real property owned by the LLC. The loan was guaranteed by each member of the LLC. Debtor did not sign the Business Bank note in his personal capacity. Neither the Cowboy loan nor the personal guarantee are secured by property owned by debtors.

The Guarantee provides in relevant part:

> Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the

ORDER 1

> indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and Related Documents. This is a guaranty of payment and not of collection, so Lender can enforce this Guaranty against Guarantor even where Lender has not exhausted Lender's remedies against anyone else obligated to pay the indebtedness or against any collateral securing the indebtedness, this Guaranty or any other guaranty of the indebtedness.
>
> . . .
>
> Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.
>
> . . .
>
> Except as prohibited by applicable law, Guarantor waives any right to require Lender (A) to continue lending money or to extend other credit to Borrower; (B) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the Indebtedness or of any nonpayment related to any collateral, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the Indebtedness or in connection with the creation of new or additional loans or obligations; (C) to resort for payment or to proceed directly or at once against any person, including Borrower or any other guarantor; (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person; (E) to pursue any other remedy within Lender's power; or (F) to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever.

The Cowboy loan is in default. Notice of default was sent to Cowboy's members on May 10, 2010. A general receiver was appointed for the LLC in June 2010.

Debtors filed a petition for relief under Chapter 13 on January 27, 2011. Debtors listed Business Bank as a secured creditor on Schedule D, with a claim in an unknown amount secured by property owned by Cowboy. The claim was not listed as disputed or contingent. Business Bank was not listed on Schedule F, where

debtors listed $96,999.64 in general, unsecured debt.

On March 16, 2011, Business Bank filed its Motion to Dismiss, arguing that it holds a general unsecured claim against the debtors which puts their total unsecured debt over the statutory limit set forth in 11 U.S.C. §109(e).

**DISCUSSION**

Pursuant to Section 109(e),

> Only . . . an individual with regular income and such individual's spouse . . . that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $ 360,475 and noncontingent, liquidated, secured debts of less than $ 1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C. §109(e).

The first part of the analysis under section 109(e) is determining whether the debt owed to Business Bank is secured or unsecured. Debtors listed the debt as secured on their Schedule D. However, neither the Cowboy note nor the guarantee are secured by any property owned by the debtors. In order for debt to be considered secured, debtors must have an interest in the specific collateral. *In re Brown*, 250 B.R. 382 (Bankr. D. ID 2000). In this case, debtors do not have any ownership interest in the property which is collateral for Business Bank's loan. For purposes of analysis of debtors' eligibility for Chapter 13 under Section 109(e), the debt to Business Bank must be considered unsecured.

The next part of the eligibility analysis under section 109(e) requires determination of whether a debt is noncontingent. A debt is noncontingent if all events giving rise to liability

occurred prior to the filing of the bankruptcy petition. *In re Loya*, 123 B.R. 338, 340 (B.A.P. 9th Cir. 1991). "[T]he rule is clear that a contingent debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Id.* (internal quotations omitted). When a debtor is the guarantor on a bank loan to another and that loan is in default on the date the bankruptcy petition is filed, the debtor's liability as a guarantor is noncontingent for purposes of § 109(e). *See In re Enriquez*, 315 B.R. 112, 121–22 (Bankr. N.D. Cal. 2004).

In this case, the event which triggered debtor's liability under the terms of the guarantee was a default on the Business Bank note by Cowboy. Cowboy defaulted on the note pre-petition, triggering debtor's liability under the guarantee pre-petition. Based on this pre-petition default by Cowboy, the court finds that as of the date of the debtors' petition, the debt owed to Business Bank was noncontingent.

The final step in the analysis is determining whether the debt is liquidated, because only noncontingent, liquidated debts are included in the calculation under section 109(e). "[W]hether a debt is liquidated turns on whether it is subject to ready determination and precision in computation of the amount due". *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987). The concept of liquidated debt involves analysis of the amount of the debt, not the existence of liability. *In re Saunders*, 440 BR 336, 341 (Bankr. E.D. PA 2006).

In this case Business Bank argues that the debt is liquidated because debtors' obligation under the guarantee agreement can be readily determined. Pursuant to the terms of the guarantee, debtor became unconditionally obligated for the full amount of the Cowboy loan upon default by Cowboy. Business Bank argues that pursuant to the terms of the guarantee, it is not required to look to Cowboy or to the real property collateral before collecting from debtor. Business Bank argues that it has a liquidated claim against debtor for the full $770,030.52 due under the Cowboy note.

Debtors argue that the debt owed to Business Bank is not liquidated and should not be used in determining whether they are eligible for Chapter 13. Debtors argue that they were not the borrower on the note, and that until Business Bank liquidates its collateral and a deficiency is established, there is no way to determine the amount of the debt owed Business Bank on the guaranty.

The term debt is defined in the Bankruptcy Code as "liability on a claim." 11 U.S.C. §101(12). In turn, "claim" is defined as a "a right to payment. . ." 11 U.S.C. §101(5). State law generally determines what constitutes a claim. *Hassanally v. Republic Bank* (*In re Hassanally*), 208 B.R. 46, 49 (9th Cir. BAP 1997) (existence of claim is generally determined by state law), citing *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Under Washington law, a guarantee of payment of an obligation without words of limitation or condition is construed as an absolute or unconditional guarantee. *National*

ORDER 5
Case 11-10836-KAO    Doc 39    Filed 05/02/11    Ent. 05/02/11 14:31:22    Pg. 5 of 8

*Bank of Washington v. Equity Investors*, 81 Wash. 2d 886, 918 (1973). In contrast, a conditional guarantee contemplates the happening of a contingent event other than default of the principal debtor as a condition of liability on the part of the guarantor. Id. at 917; *Grayson v. Platis*, 95 Wash. App. 824, 831 fn. 1 (1999). Unlike a conditional guarantee, and absolute guarantee imposes no duty upon the creditor to attempt collection from the principal debtor before looking to the guarantor. *See Century 21 Products, Inc. v. Glacier Sales*, 129 Wash. 2d 406 (1996); *Grayson v. Platis*, 95 Wash. App. at 831 fn. 2 (1999).

With an absolute guaranty, the guarantor is liable for the full amount of his guaranty upon default by the primary obligor. The guaranty in this case specifically states that it is unconditional, and goes on to specifically waive any requirement that Business Bank proceed against Cowboy, the collateral, or any of the other guarantors. The guaranty does not contain any provisions making debtor's liability contingent on an event other than default by Cowboy. The guaranty is clearly an unconditional or absolute guaranty under Washington law. Therefore, under Washington law, debtor is liable for the full amount of the debt guaranteed. The amount of the debt can be readily determined by reference to the Cowboy note. Therefore, the debt is liquidated for purposes of analyzing eligibility under Section 109(e).

Finally, the debtors argue that even if this court finds that the guaranty is an absolute guaranty which requires

payment of the full amount due on the Cowboy note, the guaranty should not be enforced because it is an adhesion contract. Debtor argues that the documents in this transaction were prepared by Business Bank, that debtor did not negotiate the terms of the guaranty, and that the unconditional language of the guaranty was "hidden in a paragraph with another clause allowing Business Bank to do whatever it wants at any time regarding any matter whatsoever." Debtor argues that such a provision is unenforceable, without citation to any law in support of this contention.

In order to find a contract is an adhesion contract, the court must find:

    (1) whether the contract is a standard form printed contract;
    (2) whether it was prepared by one party and submitted to the other on a 'take it or leave it' basis; and
    (3) whether there was no true equality of bargaining power between the parties.

*See Satomi Owners Association v. Satomi*, LLC, 167 Wn.2d 781, 815 n.26, 225 P.3d 213 (2009). For the contract to be unenforceable, the adhesion contract must be procedurally unconscionable. Id. At 814. In this case, debtors have failed to put forth any evidence from which the court could find that the contract in question was procedurally unconscionable.

The Court finds that debtors are liable for a noncontingent, liquidated, unsecured debt in the amount of $770,030.52 to Business Bank. Accordingly, debtors' unsecured debt exceeds the dollar limit set forth in 11 U.S.C. §109(e) and debtors are not eligible for relief under Chapter 13.

Debtors' supplemental response, submitted April 13, 2011

ORDER 7
Case 11-10836-KAO    Doc 39    Filed 05/02/11    Ent. 05/02/11 14:31:22    Pg. 7 of 8

[Dkt. #30], indicates that debtors are eligible for Chapter 7 relief and that if the court determines that they do not qualify for Chapter 13 relief they request an opportunity to convert to Chapter 7. The Court will enter an order converting this case to a case under Chapter 7.

/// END OF ORDER ///

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)